IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02098-STV

SHAR ISSA MURPHY,

   Plaintiff,

v.

DENIS MCDONOUGH,
DEPARTMENT OF VETERANS AFFAIRS AGENCY, and
DEPARTMENT OF VETERANS AFFAIRS,

   Defendants.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on Defendants' Motion to Dismiss [#46] (the "Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##44, 45] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED.**

**I.     BACKGROUND**[1]

Plaintiff is a black female who suffers from Post-Traumatic Stress Disorder ("PTSD"). [#10 at 5-6] In 2019 and 2020, Plaintiff was employed by the Department of

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint [#10], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

Veterans Affairs in Aurora, Colorado. [*Id.* at 3; #10-1 at 9] According to the Complaint, during this time period, Plaintiff's former supervisor, David Spurgin, "went near [Plaintiff's] work area and harassed [her]." [#10-1 at 9] Specifically, Mr. Spurgin would "stand over [Plaintiff's] shoulder and watch [her] work." [*Id.*] The harassment was "incessant and unnecessary." [*Id.*] Mr. Spurgin's intimidating presence affected Plaintiff's ability to do her job. [*Id.*]

Plaintiff's immediate supervisor at the time, Eric Maestas, allowed this conduct to occur despite Plaintiff's "numerous pleas for assistance." [*Id.*] Mr. Spurgin's actions coupled with Mr. Maestas' failure to intervene placed Plaintiff under considerable stress and anxiety that flared up her PTSD. [*Id.*] Ultimately, Plaintiff resigned. [*Id.*]

On December 1, 2021, Plaintiff initiated this action by filing her Complaint in the United States District Court for the Northern District of Georgia. [##1; 1-1] On August 16, 2022, the matter was transferred to this District. [#21] Construed liberally, the Complaint arguably asserts claims for: (1) race and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, (2) race and sex hostile work environment under Title VII, (3) discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, and (4) hostile work environment under the ADA. [#10 at 1-2, 6] Defendants filed the instant Motion to Dismiss on December 2, 2022. [#46] Plaintiff has responded to the Motion [#51] and Defendants have replied [#52].

---

The Court also considers Plaintiff's statement attached as an exhibit to the Complaint. [#10-1 at 9]; *see Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, [the court] may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference.").

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  The Court, however, cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. ANALYSIS

Defendants argue that Plaintiff fails to state any claim because she has failed to plausibly plead the elements of her claims.  [#46]  The Court addresses each claim below.

#### A. Title VII Discrimination

Though not entirely clear, it is possible that Plaintiff is alleging discrimination based upon her sex and race.  [#10 at 6]  Title VII creates a cause of action for discrimination based on an individual's "race, color, religion, sex, or national origin."  *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457 (1975) (quotation omitted).  Plaintiff can prove a disparate treatment claim "either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]."  *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015).

Here, Plaintiff does not allege any direct evidence of discrimination, and therefore must rely upon the burden-shifting framework set forth in *McDonnell Douglas*.  [##10; 10-1 at 9]  To make a prima facie case under that framework, a plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination.  *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir.

4

2015).  If the plaintiff makes this showing, then the employer must have an opportunity to articulate some legitimate, non-discriminatory reason for its action.  *Young*, 575 U.S. at 213.  If the employer articulates such a reason, then the burden shifts back to the plaintiff to prove the employer's proffered reason was pretextual.  *Id.*

"The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).  As the Supreme Court explained, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case"—*e.g.*, where a plaintiff is able to produce direct evidence of discrimination.  *Id.* at 511.  The Supreme Court further cautioned that "the precise requirements of a prima facie case can vary depending on the context" and thus "it may be difficult to define the precise formulation of the required prima facie case in a particular case" before "discovery has unearthed relevant facts and evidence."  *Id.* at 512.

Although a plaintiff is not required to set forth a prima facie case of discrimination in the complaint, "she is required to set forth plausible claims." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).  The plaintiff may not merely rely upon "the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*." *Id.*  "While specific facts are not necessary, [] some facts are." *Id.* (quotation omitted).  Moreover, although the plaintiff is not required to allege a prima facie case, "[t]he inferences offered by the *McDonnell Douglas* framework assist judges in resolving motions to dismiss by providing an analytical framework to sift through the facts alleged." *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015); *see also Khalik*, 671 F.3d at 1192

5

(explaining that "the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim").

Here, Plaintiff has not alleged any facts that could give rise to a plausible inference of discrimination.  Simply put, she does not plead any facts suggesting that Defendants took any action against Plaintiff due to her race or sex.  Accordingly, Plaintiff's Title VII discrimination claims are DISMISSED WITHOUT PREJUDICE.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (quotation omitted));  *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

### B.  Title VII Hostile Work Environment

Plaintiff appears to allege a hostile work environment claim, on the basis of her race and/or sex. [##10 at 6; 10-1 at 9]  "The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic . . . ; and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014) (citing *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005).

A plaintiff may succeed in proving a hostile work environment claim either on the pervasiveness of the harassment or based upon its severity. *MacKenzie v. City and Cnty.*

*of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005), *abrogated on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018).  However, "Title VII does not establish 'a general civility code' for the workplace."  *Marks v. Sessions*, No. 16-cv-02106-WYD-MEH, 2017 WL 4278498, at *4 (D. Colo. Sept. 27, 2017) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).  "Accordingly, 'the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim.'"  *Id*. (quoting *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012)).  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" do not amount to actionable conduct under Title VII.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation and citation omitted).

"The severity and pervasiveness of the conduct must be judged from both an objective and a subjective perspective."  *O'Shea v. Yellow Tech. Servs., Inc.*, 185 F.3d 1093, 1097 (10th Cir. 1999).  "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances . . . includ[ing] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).  "In demonstrating these factors, the plaintiff 'must show more than a few isolated incidents' of enmity."  *Sidlo v. Millercoors, LLC*, 718 F. App'x 718, 728 (10th Cir. 2018) (quoting *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1223 (10th Cir. 2015)).

Here, Plaintiff's Title VII hostile work environment claims fail for at least two reasons.  First, Plaintiff does not allege that the harassment had anything to do with

7

Plaintiff's race or sex, or plead any facts that would allow the Court to conclude that "the harassment was based on [a] protected characteristic." *Asebedo*, 559 F. App'x at 670; *cf. Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 682 n.7 (10th Cir. 2007) ("Facially neutral abusive conduct can support a finding of [racial] animus sufficient to sustain a hostile work environment claim when that conduct is viewed in the context of other, overtly [racially]-discriminatory conduct." (alteration in original) (quotation omitted)); *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020) ("In order to show that she was harassed 'because of her sex,' a plaintiff may cite acts of harassment that are either facially sex based or facially sex neutral if context indicates that acts that may appear neutral in isolation could be understood by a jury to be part of an overall animus and pattern of sexual discrimination and harassment." (citation omitted))

Second, Plaintiff has failed to plausibly plead that the alleged harassment was severe and pervasive. "It is well-established that a plaintiff cannot demonstrate pervasive harassment by pointing to 'a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments.'" *Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 522 (10th Cir. 2017) (quoting *Herrera*, 474 F.3d at 680). And "the Supreme Court has 'made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment,' and that 'isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Id.* (quoting *Faragher*, 524 U.S. at 788 (internal quotation marks omitted)). The Tenth Circuit has determined that isolated incidents are sufficient to support a hostile work environment claim only when they are "threatening and severe" or "especially egregious or extreme." *Id.*; *see also Morris*, 666 F.3d at 666-

67. Plaintiff has not alleged any acts that are "threatening and severe" or "especially egregious or extreme," nor has she provided sufficient details about the frequency of the alleged harassment to allow the Court to conclude that the harassment was severe and pervasive.

Thus, Plaintiff has failed to adequately allege either that the harassment was based on a protected characteristic or that the harassment was sufficiently severe and pervasive to rise to the level of a hostile work environment. Accordingly, Plaintiff's Title VII retaliation claims are DISMISSED WITHOUT PREJUDICE. *See Oxendine*, 241 F.3d at 1275; *Reynoldson*, 907 F.2d at 127.

### C. ADA Discrimination and Failure to Accommodate

Plaintiff alleges that Defendants violated the ADA by failing to accommodate her disability.[2] [#10 at 5-6] Specifically, she alleges that Mr. Spurgin's close proximity to Plaintiff during working hours triggered her PTSD. [*Id.* at 5] Plaintiff alleges that Defendants failed to accommodate her by keeping Mr. Spurgin away from Plaintiff's work area. [*Id.*]

Under the Rehabilitation Act, there are generally four elements that a Plaintiff must show to establish a prima facie failure to accommodate claim: "(1) she was disabled, (2) she was otherwise qualified, (3) she requested a plausibly reasonable accommodation, and (4) the [Defendant] refused to accommodate her disability." *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020); *see also id.* at 1004 n.4 (explaining that the court applies

---

[2] Plaintiff brings her claim pursuant to the ADA. [*See* #10 at 2] But "that statute does not apply to federal employers." *Brown v. Austin*, 13 F.4th 1079, 1084 n.3 (10th Cir. 2021). Given Plaintiff's pro se status, the Court will treat her ADA claims as if she had brought claims pursuant to the Rehabilitation Act, 29 U.S.C. §§ 701-796l, which is applicable to federal employers. *Williams v. Widnall*, 79 F.3d 1003, 1005 (10th Cir. 1996).

caselaw from the ADA to the Rehabilitation Act); *Anderson v. Colo. Dep't of Corr.*, 848 F. Supp. 2d 1291, 1300 n.2 (D. Colo. 2012) ("The Rehabilitation Act is materially identical to and the model for the ADA[—]the elements are the same except the Rehabilitation Act requires that defendant receive federal funds." (quotation omitted)).  "To be disabled under the [Rehabilitation] Act, [Plaintiff] must show either that [s]he has a physical or mental impairment that substantially limits one or more of [her] major life activities; [s]he has a record of such impairment; or [s]he is regarded as having such an impairment." *Humbles v. Principi*, 141 F. App'x 709, 712 (10th Cir. 2005).

Here, Plaintiff has not alleged any facts from which the Court can plausibly infer that Plaintiff has a physical or mental impairment that substantially limits one or more of her major life activities, that she has a record of such impairment, or that she is regarded as having such an impairment.  The Complaint merely alleges that Plaintiff suffers from PTSD.  [#10 at 5]  That alone, however, does not necessarily constitute a disability for purposes of the Rehabilitation Act.  *Humbles*, 141 F. App'x at 712.  Thus, without more, the Court cannot conclude that Plaintiff has plausibly alleged that she was disabled within the meaning of the Rehabilitation Act, and her discrimination and failure to accommodate claims therefore fail.  *Schone v. Sodexo, Inc.*, No. 1:19-cv-02283-SKC, 2021 WL 915937, at *5 (D. Colo. Mar. 10, 2021) ("[W]hile the [Amended Complaint] alleges Ms. Schone suffers from panic attacks, it alleges no facts from which to infer she suffers from a physical or mental impairment that substantially limit[s] one or more major life activities." (quotation and citation omitted)); *Kahler v. Leggitt*, No. 18-CV-03162-WJM-KMT, 2019 WL 5104775, at *7 (D. Colo. May 3, 2019), *report and recommendation adopted*, No. 18-CV-3162-WJM-KMT, 2019 WL 3928622 (D. Colo. Aug. 20, 2019) (dismissing ADA claim,

in part, because the plaintiff failed to allege how her alleged disabilities impacted her daily life activities); *Baker v. Nw. Med. Lake Forest Hosp.*, No. 16-CV-05669, 2017 WL 2908766, at *5 (N.D. Ill. July 7, 2017) ("[Plaintiff] has not alleged or explained, however, how either of these diseases substantially limits any major life activity. . . . This alone is sufficient to dismiss her disability discrimination claims."); *Mabry v. Neighborhood Defender Serv.*, 769 F. Supp. 2d 381, 401 (S.D.N.Y. 2011) (dismissing ADA claim because complaint alleged "no facts tending to show that [plaintiff's] medical condition limits, let alone substantially limits," any major life activity). Accordingly, Plaintiff's Rehabilitation Act discrimination and failure to accommodate claims are DISMISSED WITHOUT PREJUDICE. *See Oxendine*, 241 F.3d at 1275; *Reynoldson*, 907 F.2d at 127.

### D. ADA Hostile Work Environment

Finally, Plaintiff brings an ADA hostile work environment claim.[3] [#10 at 6] "The elements of a hostile work environment claim under the Rehabilitation Act are: (1) the plaintiff is disabled as defined under the Rehabilitation Act; (2) the plaintiff was subject to unwelcome harassment; (3) the harassment was based on the plaintiff's disability; and (4) 'due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.'" *Felts v. DeJoy*, No. 21-cv-00370-LF, 2022 WL 4332712, at *12 (D.N.M. Sept. 17, 2022) (quoting *Callahan v. Commc'n Graphics Inc.*, 657 F. App'x 739, 746-47 (10th Cir. 2016)). Here, for the reasons outlined above, Plaintiff has failed to allege that she was disabled as defined by the Rehabilitation Act. Nor has she alleged that the

---

[3] Once again, this Claim should have been brought pursuant to the Rehabilitation Act. *See supra* n.2 Given Plaintiff's pro se status, the Court will construe this claim as a Rehabilitation Act claim. *See id.*

harassment was based on her disability. Finally, and again for the reasons articulated above, Plaintiff has failed to allege that the harassment was sufficiently severe or pervasive. Accordingly, Plaintiff has failed to allege a Rehabilitation Act harassment claim and those claims are DISMISSED WITHOUT PREJUDICE. *See Oxendine*, 241 F.3d at 1275; *Reynoldson*, 907 F.2d at 127.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [#46] is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff seek to file an Amended Complaint that corrects the deficiencies identified in this Order, she shall do so by May 26, 2023. If Plaintiff does not file an Amended Complaint by that date, the Court will enter judgment in favor of Defendant. The Court advises Plaintiff that she may benefit from the Colorado Federal Pro Se Clinic. The phone number for that Clinic is 303-380-8786.

DATED: May 4, 2023

BY THE COURT:

s/Scott T. Varholak_____
United States Magistrate Judge